

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2005

# D'Amario v. Zenk

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4173

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"D'Amario v. Zenk" (2005). *2005 Decisions.* Paper 1194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-139 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4173
_____

ARTHUR D'AMARIO, III,

Appellant

v.

MICHAEL A. ZENK, Warden

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-04684)
District Judge: Honorable Joseph E. Irenas

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2005

BEFORE: ROTH, BARRY and SMITH, <u>CIRCUIT JUDGES</u>

(Filed: May 13, 2005)

_____

OPINION

_____

PER CURIAM

    Arthur D'Amario, III, pro se, appeals from an order of the United States District

Court for the District of New Jersey denying his petition filed pursuant to 28 U.S.C. §

2241. We will affirm.

In February 1999, state officials arrested D'Amario for violating the terms of his state probation for a prior felony conviction by possessing a gun and ammunition. D'Amario was detained in a state detention facility while he was awaiting disposition of the charge of violation of probation. A federal grand jury indicted D'Amario on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

In March 1999, D'Amario was transferred to federal custody on a writ of habeas corpus ad prosequendum. He remained in federal custody for six months and then was returned to state custody. In December 1999, D'Amario was again transferred to federal custody for trial on the § 922(g)(1) charge. D'Amario was found guilty of the offense and was sentenced to eighteen months' imprisonment. The trial judge recommended that the Bureau of Prisons ("BOP") give D'Amario credit toward his § 922(g)(1) sentence for the time he had served prior to sentencing but left the decision to the BOP's discretion.

D'Amario was returned to the state for his violation of probation hearing. The state judge sentenced D'Amario to three hundred eighty-six days' imprisonment and entered a judgment for time served, crediting D'Amario for the time he spent in prison between February 22, 1999, and the date of judgment, March 13, 2000. D'Amario was then released to federal custody.

Pursuant to 18 U.S.C. § 3585(b), the BOP declined to credit any pre-sentencing time toward D'Amario's federal sentence because it had already been credited toward his

state sentence. Apparently disgruntled with the BOP's decision, D'Amario sent a letter to his attorney in which he threatened to kill, among others, the federal judge who tried his § 922(g)(1) offense. D'Amario was found guilty of threatening to assault and murder a federal judge in violation of 18 U.S.C. § 115(a)(1)(B) and was sentenced to twenty-seven months' imprisonment with three years' supervised release. Based on a reduction of one of D'Amario's state sentences, his federal criminal history category decreased, and D'Amario was resentenced to twenty-one months' imprisonment. On appeal, this Court vacated and remanded the initial resentencing with instructions to resentence D'Amario anew to thirty to thirty-seven months imprisonment.

D'Amario filed the instant § 2241 petition while he was detained at the Metropolitan Detention Center in Brooklyn, New York. He alleged three claims for relief: (1) that he should get credit against his federal sentence for the time he served before he was sentenced on the § 922(g)(1) offense, (2) that the BOP improperly calculated his good credit time in light of White v. Scibana, 314 F.Supp.2d 834 (W.D. Wis. 2004), and (3) that he is entitled to release on bail or transfer to one of two federal correctional institutions of his choice where he could avail himself of more resources and privileges and pursue pending legal matters. The proceedings were transferred to the District of New Jersey.

The District Court denied D'Amario's petition on several bases. As to his first claim, the District Court concluded that D'Amario had repeatedly unsuccessfully litigated

3

the issue in previous § 2241 petitions and a state action.[1] The District Court also concluded that the BOP acted properly in denying D'Amario federal credit for the time that had already been credited toward satisfaction of his state sentence. With respect to D'Amario's second claim, the District Court concluded that, contrary to the decision reached in White, the BOP's regulation for good credit calculation was ambiguous but entitled to deference under Chevron v. Natural Resources Defense Council, 467 U.S. 837 (1984). As to D'Amario's final claim, the District Court concluded that D'Amario could show no entitlement to be housed in the facility of his choice and that such a determination was entirely within the discretion of the BOP. The District Court also noted that D'Amario's claim that his location at the detention center interfered with his legal activities was undercut by the fact that he had filed meaningful legal documents while he was incarcerated at the detention center. D'Amario timely appealed.

We agree with the District Court's determination of D'Amario's claims. We note that White has been reversed by the Court of Appeals for the Seventh Circuit. See White v. Scibana, 390 F.3d 997 (7th Cir. 2004). We further note that because D'Amario has been released to a half-way house, it is unclear what relief this Court could afford him with respect to his third claim.

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we

---

[1] See, e.g., D.N.J. Civ. No. 00-cv-02400.

4

will summarily affirm the District Court's order denying D'Amario's § 2241 petition.

See Third Circuit I.O.P. 10.6.